HONORABLE ROBERT S. LASNIK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

PAUL KRAMER, individually and on behalf of all others similarly situated,

Plaintiff,

v.

MCKESSON MEDICAL−SURGICAL INC., a Virginia corporation and MCKESSON CORPORATION, a Delaware corporation;

Defendant.

Case No. 2:25-cv-01384-RSL

# PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

Plaintiff Paul Kramer files this First Amended Complaint to (1) add Defendant McKesson Corporation as a party and (2) update his Complaint to comport with Federal and Local Rules. For his First Amended class action complaint against Defendants McKesson Medical-Surgical Inc., and McKesson Corporation alleges as follows:

## I. INTRODUCTION

1.1 Nature of Action. Defendants have engaged in a systematic scheme of wage and hour abuses against its Washington hourly-paid or non-exempt employees. These abuses include: (1) failing to provide employees with the rest breaks to which they are entitled; (2) failing to provide employees with the meal breaks to which they are entitled; (3) failing to pay all minimum wages to employees for all hours worked; (4) failing to pay all overtime wages to employees when they work more than 40 hours in a workweek; and (5) failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by employees; and (6) making unlawful deductions and rebates from employees' wages. Defendants' deliberate and willful failure to pay their employees their earned wages violates Washington law.

1.2 Plaintiff, and the Class and Seattle subclass members are current and former hourly-paid or non-exempt employees of Defendants who have been victimized by Defendants' unlawful compensation practices. This lawsuit is brought as a class action under state law to recover unpaid wages owed to Plaintiff and those similarly situated.

## II. JURISDICTION AND VENUE

2.1 Personal Jurisdiction. Defendants are both within the jurisdiction of this Court. Defendants do business in the State of Washington and have operations in King County. Defendant McKesson Medical-Surgical Inc., is registered to conduct business in the State of Washington. Defendant McKesson Corporation is registered to conduct business in the State of Washington.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

Defendants have obtained the benefits of the laws of the State of Washington and the Washington retail and labor markets.

2.2 Subject Matter Jurisdiction. With the addition of McKesson Corporation as a Defendant, Plaintiff withdraws his Motion to Remand.

2.3 Venue. Venue was proper in King County because Defendants operate and transact business in King County. RCW 4.12.025(1), (3). Because Defendant removed this case from King County and venue was proper in King County, venue is now proper in the Western District of Washington.

2.4 Governing Law. The claims asserted on behalf of Plaintiff, and the Class and Seattle subclass members in this complaint are brought solely under state law causes of action and are governed exclusively by Washington law.

## III. PARTIES

3.1 Plaintiff. Plaintiff is a resident of Washington. Defendants hired Plaintiff as an hourly-paid or non-exempt employee during the relevant time period. The "amount in controversy" for the named Plaintiff, including claims for compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000).

3.2 Defendants. Defendant McKesson Medical-Surgical, Inc., is a Virginia corporation with its principal place of business in Henrico, Virginia. Defendant McKesson Corporation is a Delaware corporation with its principal place of business in Irving, Texas.

## IV. CLASS ACTION ALLEGATIONS

4.1 Class Definition. Pursuant to Washington Civil Rule 23, Plaintiff brings this case as a class action on behalf of a Class defined as follows:



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

> All hourly-paid or non-exempt employees of Defendants in the State of Washington at any time during the period from three years preceding the filing of this Complaint to final disposition of this action.

4.2 Seattle Subclass Definition. Pursuant to Washington Civil Rule 23, Plaintiff brings this case as a class action on behalf of a subclass defined as follows:

> All hourly-paid or non-exempt employees of Defendants in the State of Washington who worked in the City of Seattle at any time during the period from three years preceding the filing of this Complaint to final disposition of this action.

Excluded from the Class and Seattle subclass are any entity in which any Defendant has a controlling interest or which has a controlling interest in any Defendant, and Defendants' legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

4.3 Numerosity. Plaintiff believes that more than 40 people have worked as hourly-paid or non-exempt employees for Defendants in the State of Washington during the relevant time period.

4.4 Commonality. There are numerous questions of law and fact common to Plaintiff, and the Class and Seattle subclass members. These questions include, but are not limited to, the following:

a. Whether Defendants have engaged in a common course of failing to provide Plaintiff, and the Class and Seattle subclass members with a ten-minute rest break for every four hours of work;



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

b. Whether Defendants have engaged in a common course of requiring Plaintiff, and the Class and Seattle subclass members to work more than three consecutive hours without a rest break;

c. Whether Defendants have engaged in a common course of failing to ensure that Plaintiff, and the Class and Seattle subclass members have received the rest breaks to which they are entitled;

d. Whether Defendants have engaged in a common course of failing to provide Plaintiff, and the Class and Seattle subclass members with a thirty-minute meal break for every five hours of work;

e. Whether Defendants have engaged in a common course of failing to ensure that Plaintiff, and the Class and Seattle subclass members have received the meal breaks to which they are entitled;

f. Whether Defendants have engaged in a common course of failing to pay minimum wages to Plaintiff, and the Class and Seattle subclass members for all hours worked;

g. Whether Defendants have engaged in a common course of failing to pay Plaintiff, and the Class and Seattle subclass members all of the overtime wages to which they are entitled;

h. Whether Defendants have engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff, and the Class and Seattle subclass members.

i. Whether Defendants have engaged in a common course of making deductions and collecting rebates from the wages of Plaintiff and the Class members by requiring Plaintiff, and the Class and Seattle subclass members to incur employer expenses and failing to reimburse them.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

j. Whether Defendants have engaged in a common course of failing to pay Plaintiff, and the Class and Seattle subclass members all the wages to which they are entitled;

k. Whether Defendants failed to keep true and accurate records of the hours worked, rates of pay, gross wages, and all deductions for each pay period for Plaintiff, and the Class and Seattle subclass members;

l. Whether Defendants failed to furnish itemized pay statements to Plaintiff, and the Class and Seattle subclass members;

m. Whether Defendants willfully deprived Plaintiff, and the Class and Seattle subclass members of the wages to which they were entitled;

n. Whether Defendants have violated RCW 49.12.020;

o. Whether Defendants have violated WAC 296-126-092;

p. Whether Defendants have violated RCW 49.46.130;

q. Whether Defendants have violated RCW 49.46.090;

r. Whether Defendants have violated RCW 49.46.210;

s. Whether Defendants have violated RCW 49.48.010;

t. Whether Defendants have violated WAC 296-126-025;

u. Whether Defendants have violated WAC 296-126-028;

v. Whether Defendants have violated WAC 296-128-620;

w. Whether Defendants have violated RCW 49.52.050;

x. Whether Defendants have violated SMC 14.20.20; and

y. The nature and extent of class-wide injury and the measure of compensation for such injury.

4.5 <u>Typicality.</u> Plaintiff's claims are typical of the claims of the members of the Class and Seattle subclass because Defendants employed Plaintiff as an hourly-paid or non-exempt



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

employee in the State of Washington. The claims of Plaintiff, like the claims of the Class and Seattle Subclass, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

4.6 Adequacy. Plaintiff will fairly and adequately protect the interests of the Class and Seattle subclass. Plaintiff has retained competent and capable attorneys who are experienced lawyers with significant experience in complex and class action litigation, including employment law. Plaintiff and their counsel are committed to prosecuting this action vigorously on behalf of the Class and Seattle subclass and have the financial resources to do so. Neither Plaintiff nor their counsel have interests that are contrary to or that conflict with those of the proposed Class and Seattle subclass.

4.7 Predominance. Defendants have engaged in a common course of wage and hour abuse toward Plaintiff, and members of the Class and Seattle subclass. The common issues arising from this conduct that affect Plaintiff, and members of the Class and Seattle subclass predominate over any individual issues.

4.8 Superiority. Plaintiff, and the Class and Seattle subclass members have suffered and will continue to suffer harm and damages as a result of Defendants' unlawful and wrongful conduct. Absent a class action, however, most Class and Seattle subclass members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class and Seattle subclass members are readily identifiable from Defendant's records.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## V. SUMMARY OF FACTUAL ALLEGATIONS

5.1 Defendants have engaged in, and continues to engage in, a common course of wage and hour abuse against its hourly-paid or non-exempt employees in the state of Washington.

5.2 Failure to provide rest breaks. Defendants have engaged in a common course of failing to provide Plaintiff, and the Class and Seattle subclass members with a paid ten-minute rest break for every four hours of work.

5.3 Plaintiff and class members were routinely subject to missing rest breaks, and particularly when work was busy.

5.4 Defendants have engaged in a common course of requiring or permitting Plaintiff, and the Class and Seattle subclass members to work more than three consecutive hours without a rest break.

5.5 Plaintiff and class members were routinely deprived of a rest break prior to their third hour of work, and particularly when work was busy

5.6 Defendants have engaged in a common course of failing to ensure Plaintiff, and the Class and Seattle subclass members have taken the rest breaks to which they are entitled.

5.7 Defendants have engaged in a common course of failing to provide Plaintiff, and the Class and Seattle subclass members with ten-minutes additional pay and/or time worked for each missed rest break.

5.8 Each time an hourly-paid or non-exempt employee misses a rest break, Defendants receive the benefit of ten minutes worked without paying for the time worked.

5.9 As a result of Defendants' common course of failing to provide proper rest breaks to Plaintiff, and the Class and Seattle subclass members, Defendants failed to maintain accurate records of hours worked by Plaintiff, and the Class and Seattle subclass members.

5.10 Defendants had actual or constructive knowledge of the facts set forth above.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.11 Failure to provide meal breaks. Defendants have engaged in a common course of failing to provide Plaintiff, and the Class and Seattle subclass members with a thirty-minute meal break for every five hours of work.

5.12 Plaintiff and class members were routinely subject to meal breaks that were under thirty (30) minutes in length as demonstrated by their timesheets.

5.13 Defendants have engaged in a common course of requiring or permitting Plaintiff, and the Class and Seattle subclass members to work more than five consecutive hours without a meal break.

5.14 Plaintiff and class members were routinely deprived of meal breaks prior to their fifth hour of work as demonstrated by their timesheets. Defendants have engaged in a common course of failing to ensure Plaintiff, and the Class and Seattle subclass members have received the meal breaks to which they are entitled.

5.15 Defendants have engaged in a common course of failing to ensure Plaintiff, and the Class and Seattle subclass members are fully relieved of all work duties during their meal breaks.

5.16 Defendants have engaged in a common course of failing to provide Plaintiff, and the Class and Seattle subclass members with thirty minutes additional pay and/or time worked for each missed meal break.

5.17 Defendants had actual or constructive knowledge of the facts set forth above.

5.18 Failure to pay minimum wages for all hours worked. Defendants have engaged in a common course of failing to pay minimum wages to Plaintiff, and the Class and Seattle subclass members for all hours worked.

5.19 Defendants have engaged in a common course of failing to pay minimum wages to Plaintiff, and the Class and Seattle subclass members for all hours worked by failing to provide



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

Plaintiff, and the Class and Seattle subclass members with ten minutes additional pay and/or time worked for each missed rest break.

5.20 Defendants have engaged in a common course of failing to pay minimum wages to Plaintiff, and the Class and Seattle subclass members for all hours worked by failing to provide Plaintiff, and the Class and Seattle subclass members with thirty minutes additional pay and/or time worked for each missed meal break.

5.21 Defendants had actual or constructive knowledge of the facts set forth above.

5.22 Failure to pay all overtime wages due. Defendants have engaged in a common course of failing to pay Plaintiff, and the Class and Seattle subclass members for all hours worked over forty in a week at a rate of not less than one and one-half times their regular rate of pay.

5.23 Defendants paid incentive bonuses and failed to include the same when calculating the regular rate of pay.

5.24 Defendants have engaged in a common course of failing to pay overtime wages to Plaintiff, and the Class and Seattle subclass members during workweeks in which missed rest break time extended the workweek beyond forty (40) hours.

5.25 Defendants have engaged in a common course of failing to pay overtime wages to Plaintiff, and the Class and Seattle subclass members during workweeks in which missed meal break time extended the workweek beyond forty (40) hours.

5.26 Defendants have actual or constructive knowledge of the facts set forth above.

5.27 Unlawful Deductions and Rebates. Defendants has engaged in a common course of making deductions and collecting rebates from the wages of Plaintiff, and the Class and Seattle subclass members.

5.28 Defendants have engaged in a common course of requiring Plaintiff, and the Class and Seattle subclass members to incur employer expenses and failing to reimburse them.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.29 Defendants have actual or constructive knowledge of the facts set forth above.

5.30 Failure to accrue and allow use of paid sick leave. Defendants have engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff, and the Class and Seattle subclass members.

5.31 Defendants have engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff, and the Class and Seattle subclass members by failing to accrue paid sick leave for all hours worked by Plaintiff, and the Class and Seattle subclass members.

5.32 Defendants have engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff, and the Class and Seattle subclass members by failing to accrue paid sick leave for each missed rest break.

5.33 Defendants have engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff, and the Class and Seattle subclass members by failing to accrue paid sick leave for each missed meal break.

5.34 Defendants had actual or constructive knowledge of the facts set forth above.

5.35 Failure to pay all wages due at termination. Defendants have engaged in a common course of failing to pay Plaintiff, and the Class and Seattle subclass members all wages due at termination.

5.36 Defendants had actual or constructive knowledge of the facts set forth above.

5.37 Failure to maintain accurate payroll records. Under Washington law, an employer must keep and preserve payroll records that detail the "[h]ours worked each workday and total hours worked each workweek" and maintain those records for at least three years. WAC 296-128-010(6); WAC 296-126-050; *see also* RCW 49.46.0040(3), and SMC 14.020.030.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.38 Defendants have engaged in a common course of failing to keep accurate records of the hours Plaintiff, and the Class and Seattle subclass members worked each day or the total hours they worked each week.

5.39 Defendants have actual or constructive knowledge of the facts set forth above.

5.40 Joint employers. Joint employers are required to comply with Washington employment laws, including the Minimum Wage Act. *Becerra v. Expert Janitorial, LLC*, 191 Wash. 2d. 186, 196 (2014).

5.41 Defendant McKesson Corporation wholly owns Defendant McKesson Medical-Surgical.

5.42 Defendant McKesson Corporation created and maintained identical employment policies and employee handbooks for employees of Defendant McKesson Corporation and Defendant McKesson Medical-Surgical.

5.43 Defendant McKesson Corporation is responsible for administering benefits to employees of McKesson Corporation and McKesson Medical-Surgical.

5.44 Defendant McKesson Corporation maintains pay records for employees of McKesson Corporation and McKesson Medical-Surgical.

5.45 Defendant McKesson Corporation and Defendant McKesson Medical-Surgical employ hourly-paid individuals with the same job titles.

5.46 Defendant McKesson Corporation and Defendant McKesson Medical-Surgical employ hourly-paid individuals to perform the same or substantially similar work.

5.47 Defendant McKesson Corporation and Defendant McKesson Medical-Surgical employ hourly-paid individuals to perform work at the same physical location(s).



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## VI. FIRST CLAIM FOR RELIEF

**(Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Rest Periods)**

6.1 Plaintiff, and the Class and Seattle subclass reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

6.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

6.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

6.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

6.5 WAC 296-126-092 provides that employees shall be allowed certain paid rest periods during their shifts.

6.6 Under Washington law, Defendants have an obligation to provide employees with the rest breaks to which they are entitled.

6.7 Under Washington law, Defendants have an obligation to ensure that employees receive the rest breaks to which they are entitled.

6.8 Under Washington law, Defendants have an obligation to provide employees with ten minutes of additional pay for each missed rest break.

6.9 By the actions alleged above, Defendants have violated the provisions of RCW 49.12.020 and WAC 296-126-092.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

6.10 As a result of the unlawful acts of Defendants, Plaintiff, and the Class and Seattle subclass members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff, and the Class and Seattle subclass members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## VII. SECOND CLAIM FOR RELIEF

**(Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Meal Periods)**

7.1 Plaintiff, and the Class and Seattle subclass reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

7.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

7.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

7.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

7.5 WAC 296-126-092 provides that employees shall be allowed certain meal periods during their shifts.

7.6 Under Washington law, Defendant has an obligation to provide employees with the meal breaks to which they are entitled.

7.7 Under Washington law, Defendants have an obligation to ensure that employees receive the meal breaks to which they are entitled.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

7.8 Under Washington law, Defendants have an obligation to provide employees with thirty minutes of additional pay for each missed meal break.

7.9 By the actions alleged above, Defendants have violated the provisions of RCW 49.12.020, and WAC 296-126-092.

7.10 As a result of the unlawful acts of Defendants, Plaintiff, and the Class and Seattle subclass members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff, and the Class and Seattle subclass members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## VIII. THIRD CLAIM FOR RELIEF

## (Violation of RCW 49.46.130 — Failure to Pay Overtime Wages)

8.1 Plaintiff, and the Class and Seattle subclass and incorporate by reference each and every allegation set forth in the preceding paragraphs.

8.2 RCW 49.46.130 provides that "no employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed."

8.3 By the actions alleged above, Defendants have violated the provision of RCW 49.46.130.

8.4 As a result of the unlawful acts of Defendants, Plaintiff, and the Class and Seattle subclass members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff, and the Class and Seattle subclass members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## IX. FOURTH CLAIM FOR RELIEF

**(Violation of RCW 49.46.090 — Payment of Wages Less Than Entitled)**

9.1 Plaintiff, and the Class and Seattle subclass reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2 Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act (WMWA). RCW 49.46.010 defines "wage" as "compensation due to an employee by reason of employment, payable in legal tender of the United States or checks on banks convertible into cash on demand at full face value, subject to such deductions, charges, or allowances as may be permitted by rules of the director."

9.3 By the actions alleged above, Defendants have violated the provisions of RCW 49.46.090.

9.4 As a result of the unlawful acts of Defendants, Plaintiff, and the Class and Seattle subclass members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff, and the Class and Seattle subclass members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## X. FIFTH CLAIM FOR RELIEF

**(Violations of RCW 49.46.210 and WAC 296-128-620 – Failure to Accrue and Allow Use of Paid Sick Leave)**

10.1 Plaintiff, and the Class and Seattle subclass reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2 The Washington Paid Safe and Sick Leave Act, RCW 49.46.210, and its implementing regulations WAC 296-128-620, require that employees accrue paid sick leave for all hours worked at a rate of at least one hour for every forty hours worked.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

10.3 Pursuant to RCW 49.46.200, Defendants must compensate Plaintiff, and the Class and Seattle subclass members at their regular and normal wages.

10.4 By the actions alleged above, Defendants have violated the provisions of RCW 49.46.210 and WAC 296-128-620.

10.5 As a result of the unlawful acts of Defendants, Plaintiff, and the Class and Seattle subclass members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff, and the Class and Seattle subclass members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## XI. SIXTH CLAIM FOR RELIEF

**(Violations of RCW 49.52.060 and WAC 296-126-028 – Unlawful Deductions and Rebates)**

11.1 Plaintiff, and the Class and Seattle subclass reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

11.2 Pursuant to RCW 49.52.060 and WAC 296-126-028, an employer may not make deductions from an employee's wages except in limited circumstances.

11.3 Under Washington law, deductions and rebates must be identified and recorded "openly and clearly in employee payroll records." WAC 296-126-028(5); see also RCW 49.52.060; WAC 296-128-010(9).

11.4 RCW 49.52.070 provides that any employer who violates the foregoing statute shall be liable in a civil action for twice the amount of wages withheld, together with costs of suit and reasonable attorneys' fees.

11.5 By the actions alleged above, Defendants have violated the provisions of RCW 49.52.060 and WAC 296-126-028.

11.6 As a result of the unlawful acts of Defendants, Plaintiff, and the Class and Seattle subclass members (but not all) have been deprived of compensation in amounts to be determined



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

at trial, and Plaintiff, and the Class and Seattle subclass members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.52.070.

**XII. SEVENTH CLAIM FOR RELIEF**

**(Violation of RCW 49.48.010 – Failure to Pay All Wages Due at Termination)**

12.1 Plaintiff, and the Class and Seattle subclass reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

12.2 RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period." The statute further states that it shall be unlawful for "any employer to withhold or divert any portion of an employee's wages."

12.3 By the actions alleged above, Defendants has violated the provisions of RCW 49.48.010.

12.4 As a result of the unlawful acts of Defendants, Plaintiff, and the Class and Seattle subclass members (but not all) who are no longer employed by Defendants have been deprived of compensation in amounts to be determined at trial, and Plaintiff, and the Class and Seattle subclass members who are no longer employed by Defendants are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

**XIII. EIGHT CLAIM FOR RELIEF**

**(Violation of RCW 49.52.050 – Willful Refusal to Pay Wages)**

13.1 Plaintiff, and the Class and Seattle subclass reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

13.2 RCW 49.52.050(2) provides that any employer who "willfully and with intent to deprive the employee of any part of his wages, pays any employee a lower wage than the wage



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

such employer is obligated to pay such employee by any statute, ordinance, or contract" is guilty of a misdemeanor.

13.3 Defendants' violations of RCW 49.12.020, WAC 296-126-092, RCW 49.46.090, RCW 49.46.130, and RCW 49.48.010 were willful and intentional, and constitute violations of RCW 49.52.050.

13.4 RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

13.5 As a result of the willful, unlawful acts of Defendants, Plaintiff, and the Class and Seattle subclass members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff, and the Class and Seattle subclass members are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.52.070.

## XIV. NINTH CLAIM FOR RELIEF

**(Violation of SMC 14.20.020 – Failure to Pay All Compensation Owed)**

14.1 Plaintiff, and the Class and Seattle subclass reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

14.2 SMC 14.20.020 provides that "[a]n employer shall pay all compensation owed to an employee by reason of employment on an established regular pay day at no longer than monthly payment intervals."

14.3 SMC 14.20.025 provides that each time compensation is paid, an employer shall give written notice to the employee of all hours worked and all deductions taken by the employer for that pay period.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

14.4 SMC 14.20.30 provides that the employer must also retain payroll records that document all hours worked by each employee, including straight-time and overtime hours, and records of all deductions taken from the employee's wages each pay period.

14.5 SMC 14.20.045 provides that the failure of an employer to comply with any requirement imposed upon it under Chapter 14.20 ("Wage Theft Ordinance") constitutes a violation of the ordinance.

14.6 SMC 14.20.090(A) provides that "any person or class of persons that suffers financial injury as a result of a violation of [the Wage Theft Ordinance] . . . may be awarded reasonable attorney fees and costs and such legal or equitable relief as may be appropriate to remedy the violation including, without limitation, the payment of any unpaid compensation plus interest due to the person and liquidated damages in an additional amount of up to twice the unpaid compensation . . . ."

14.7 By the actions alleged above, Defendants have violated the provisions of SMC 14.20.020.

14.8 As a result of the unlawful acts of Defendants, Plaintiff, and the Class and Seattle subclass members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff, and the Class and Seattle subclass members are entitled to the recovery of such damages, including interest thereon, an additional amount of twice the unpaid compensation, and attorneys' fees and costs under SMC 14.20.090.

## XV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on their own behalf and on behalf of the members of the Class and Seattle subclass, pray for a judgment against Defendants, as follows:

A. Certify the proposed Class and Seattle subclass;

B. Appoint Plaintiff as Class representative;



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

C. Appoint the undersigned attorneys as Class counsel;

D. Declare that the actions complained of herein violate Washington law;

E. Award Plaintiff, and the Class and Seattle subclass members compensatory and exemplary damages;

F. Award attorneys' fees and costs to Plaintiff's attorneys, as allowed by law;

G. Award pre-judgment and post-judgment interest to Plaintiff, and the Class and Seattle subclass members, as provided by law;

H. Grant such other and further relief as this Court deems necessary.

RESPECTFULLY SUBMITTED AND DATED this 16th day of October, 2025.

**JUSTICE LAW CORPORATION**

By: */s/ Douglas Han*
Douglas Han, WSBA #59429
Email: dhan@justicelawcorp.com
*/s/ Shunt Tatavos-Gharajeh*
Shunt Tatavos-Gharajeh, WSBA #59424
Email: statavos@justicelawcorp.com
*/s/ Dean Petitta*
Dean Petitta, WSBA #58295
Email: dpetitta@justicelawcorp.com
*/s/ April Rhéaume*
April Rhéaume, WSBA #57119
Email: arheaume@justicelawcorp.com
*/s/ Winthrop Hubbard*
Winthrop Hubbard, WSBA #56458
Email: whubbard@justicelawcorp.com
751 North Fair Oaks Avenue, Suite 101
Pasadena, California 91103
Telephone: (818) 230-7502
Facsimile: (818) 230-7259

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington that, on the date stated below, I did the following:

On October 16, 2025, I transmitted a true copy of:

**PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

in the above-entitled matter to:

**[X] By ECF**
**[X] By Electronic Mail**

Peter H. Nohle
Peter.Nohle@jacksonlewis.com
Peter V. Montine
Peter.Montine@jacksonlewis.com
Sage Emerson
Sage.Emerson@jacksonlewis.com
Ross V. Merritt
Ross.Merritt@jacksonlewis.com
Lindsay Holzworth
Lindsay.holzworth@jacksonlewis.com
Seattle Docket
SeattleDocket@jacksonlewis.com
**JACKSON LEWIS P.C.**
520 Pike Street, Suite 2300
Seattle, WA 98101

*Attorney(s)* for Defendant McKesson Medical-Surgical Inc.

Executed on October 16, 2025, at Pasadena, California.

/s/ *Sophia Hanneyan*
Sophia Hanneyan



**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Suite 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.justicelawcorp.com